FILED
October 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003821774

3

Paul F. Farley (SBN 103452)
**Law Offices of Paul F. Farley**
1200 West Tokay Street
Lodi, California 95240
Telephone (209) 368-0789
Fax (209) 368-0724

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CHARLES & CYNTHIA HAYS,<br><br>Debtors. | Case No. 11-41221<br>D C No. PFF-1<br><br>MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF THE ESTATE<br><br>Date: November 8, 2011<br>Time: 9:32 a.m.<br>Place: 501 I Street, Sacramento, CA<br>Crtrm: 32, 6th Floor<br>Judge: Thomas C. Holman |

COMES NOW CYNTHIA HAYS, the Co-Debtor in the above-entitled matter, by and through her attorney, Paul F. Farley, and in support of his Motion To Compel Trustee To Abandon Business Operation, represents to the Court as follows:

1. Debtors filed their petition under Chapter 7 of the Bankruptcy Code on August 31, 2011.

2. J. Michael Hopper has been appointed as the interim trustee in this case.

3. The first meeting of creditors has been continued from September 28, 2011 to October 21, 2011 at 2:00 p.m.

4. Among the assets scheduled by Co-Debtor is a sole proprietorship, day care business known as Cynthia Hays Day Care ("the subject business").

5. The value of the subject business was determined as follows:

   (a) The tangible assets of the business consist of miscellaneous furnishings and equipment valued at $544.00. (See Schedule B, marked "Exhibit A"). Said items are exempt pursuant to C.C.P. 703.140(b)(6) (see Schedule C, marked "Exhibit B")

   (b) The co-debtor is a day care provider licensed by the State of California. The license is personal to the co-debtor which can not be assigned or otherwise transferred. Accordingly, the license has no value to the trustee.

   (c) The business operates solely by virtue of the co-debtors personal services as a day care provider.

   (d) Co-debtor provides day care services for five children, age 1, 2, 3, 9 and 11 years, from Monday through Friday of each week.

   (e) Co-debtor has no employees.

   (f) Co-debtor has adequate business insurance coverage, including a home child care services endorsement, and the Chapter 7 Trustee is an additional named insured until such time as the business operation has been abandoned by the trustee. A true and correct copy of Debtor's Homeowners Declaration page and Evidence of Insurance is attached hereto and incorporated herein, marked Exhibit C.

7. In light of the foregoing, even if the business could be sold there is no equity in the subject business for the benefit of the creditors of the bankruptcy estate, so the property has no value to the Chapter 7 trustee.

WHEREFORE, Co-Debtor respectfully requests the Court, pursuant to the provisions of 11 USC §554(b) and Bankruptcy Rule 6007(b), to order the Chapter 7 Trustee to abandon the subject business to the Co-Debtor, and to grant the Co-Debtor such further and other relief as the Court deems just and proper.

Dated: 10-5-11

Law Office of Paul F. Farley

Paul F Farley

PAUL F FARLEY, Attorney for Debtors